OPINION OF THE COURT
George D. Marlow, J.
Defendants bring this motion, in limine, to preclude plaintiff *625 from introducing into evidence the findings of the New York State Department of Health, Office of Professional Medical Conduct (OPMC) with respect to defendants’ practice of medicine.
The pertinent facts are: plaintiff, Michael Maraziti, was born in January 1989. His mother, Cathryn Maraziti, was under the obstetrical care of defendant physicians during her pregnancy. Plaintiffs mother alleges that defendants’ obstetrical care and treatment were negligent and defendants mismanaged her labor and delivery. She alleges that defendants’ failure to perform a timely cesarian section caused the fetus to be deprived of oxygen, resulting in its significant brain damage.
In this action, plaintiff seeks to introduce evidence of the OPMC’s findings of prior negligent acts of defendants. Specifically, plaintiff seeks to utilize the reports of subsequent hearings conducted from October 1988 through August 1989 which resulted in the revocation of defendant Weber’s medical license and the 1997 restriction of obstetrical practice against defendants, Giampi and O’Daly. Plaintiff contends that this information will give evidence as to defendants’ “wrongful conduct” and “impeach their credibility.”
The OPMC is a component of the New York State Board for Professional Medical Conduct. It investigates suspected cases of professional medical misconduct and seeks to render appropriate disciplinary decisions. Medical professionals so investigated are given a fair hearing of accusations against them regarding their alleged professional misconduct. Thereafter, OPMC imposes disciplinary action if warranted by the evidence. (See generally, Public Health Law § 230.)
Defendants argue that OPMC findings should not be permitted for use at trial because they would unduly prejudice the jury. Specifically, defendants contend that, were the findings allowed, the jury might infer that defendants were negligent in the instant case simply because of unfavorable findings in unrelated medical disciplinary matters.
Both parties rely on Bogdan v Peekskill Community Hosp. (168 Misc 2d 856 [Sup Ct, Weschester County 1996]). In Bogdan,” the defendant hospital’s suspension of plaintiff anesthesiologist was based on OPMC’s charges against the physician for “departures from good and accepted medical practice in nine distinct patient cases.” (Id., at 857.) There, the OPMC’s findings were received in evidence because six of them formed the predicate for defendant hospital’s suspension of plaintiff. (Id.)
*626 Plaintiffs reliance on Bogdan (supra) and similar cases (see, e.g., Stevenson v Goomar, 148 AD2d 217 [3d Dept 1989]) is based on Public Health Law § 10 which allows for the admission of written reports of OPMC on questions of fact pertaining to complaints or investigations. However, “the report may not be used as a vehicle to admit into evidence information that would otherwise be inadmissible.” (Bogdan v Peekskill Community Hosp., supra, at 860.)
Both Bogdan and Stevenson (supra) involved specific disciplinary proceedings against physicians. Therefore, the OPMC findings about multiple incidents of physicians’ medical misconduct were critical in determining whether disciplinary actions against the physicians were justified.
However, while OPMC’s findings concerning plaintiffs case are clearly relevant, information from reports of OPMC unrelated to the instant case would be of marginal relevance at best, but would be likely to unduly prejudice the jury. The jury should not be provided the opportunity, or be impliedly encouraged, to assume that the facts underlying one incident would necessarily govern a finding about a subsequent incident, solely because the two events are substantively similar.
Though plaintiff asserts a legitimate public policy concern which would — and which probably does — help expose harmful medical practices, plaintiffs sweeping proposal to be allowed to prove all OPMC reports about any incident involving defendants would be decidedly unwise and most unfair to these defendants. (Matter of Brandon, 55 NY2d 206, 210-211; see, Prince, Richardson on Evidence § 4-517 [Farrell 11th ed].) The defendants would be expected to justify any and all prior acts of alleged medical misconduct regardless of how serious, trivial, or relevant they might or might not be. Plaintiffs request would not only create undue hardship and unfair risks for defendants — turning some trials into a distracting series of mini-trials — but, allowing such evidence in the way plaintiff urges, would, more than likely, negatively impact a jury’s objectivity.
In light of the foregoing, pursuant to Public Health Law § 10, and subject to presenting a proper foundation, plaintiff may introduce those OPMC findings which directly involve the event underlying the case at bar, as those findings are more likely to be relevant to the factual issues this jury will be asked to resolve. To that extent, defendants’ motion is denied.
*627 On the other hand, defendants’ motion to preclude plaintiff from introducing evidence of OPMC’s findings, unrelated to the instant case, is granted.