*192 OPINION OF THE COURT
Michael Kavanagh, J.
During this medical malpractice trial, plaintiff sought to introduce the contents of a report issued by the New York State Department of Health in regard to its investigations concerning the quality of the medical treatment provided decedent while a patient at the defendant hospital. Plaintiff contends that the entire report is admissible pursuant to Public Health Law § 10 (2) and maintains that the jury should be charged that the report constitutes presumptive proof of the factual findings contained therein. Defendant objects to its admissibility, arguing that it is difficult if not impossible to distinguish fact from opinion in the contents of the report with the result that, if it was admitted, the report would constitute an unwarranted intrusion into the fact-finding prerogatives of the jury.
Briefly, decedent, a severely retarded individual who resided in a group home, was taken to the emergency room at the defendant hospital because it was thought that he had swallowed a corn cob. After a series of radiological tests were performed, decedent was discharged because the emergency room physicians concluded that no obstruction existed. The next day, the results of these tests were reviewed by a radiologist who noted the presence of a foreign object in decedent’s esophagus, and so notified emergency room personnel. Despite this finding, no attempt was made to contact the decedent or his care providers. Four days later, decedent was brought back to the emergency room with complaints of vomiting and lethargy. An emergency resection was performed and a chicken bone was removed which had perforated decedent’s bowel. Decedent’s condition continued to deteriorate and he later expired due to complications related to sepsis. The Department of Health investigated the defendant hospital and issued an Article 28 Statement of Deficiencies and Plan of Correction.
Public Health Law § 10 (2) provides:
“The written reports of state and local health officers, inspectors, investigators, nurses and other representatives of state and local health officers on questions of fact pertaining to, concerning or arising under and in connection with complaints, alleged violations, investigations, proceedings, actions, authority and orders, related to the enforcement of this chapter, the sanitary code or any local health regulation shall be presumptive *193 evidence of the facts so stated therein, and shall be received as such in all courts and places.”
Plaintiff argues that this statute provides for the report’s admissibility in toto. Defendant objects and urges that the report be redacted to separate fact from opinion.
Prior judicial interpretation of this statute is limited. However, an analogous situation existed in Cramer v Kuhns (213 AD2d 131, appeal dismissed 87 NY2d 860) where the trial court’s decision to admit into evidence the National Highway Traffic Safety Administration report in a products’ liability case was deemed to be reversible error. In that case, reference was made to Federal Rules of Evidence rule 803 (8) (C) which, similar to Public Health Law § 10 (2), provides for the admission of governmental agency reports that would otherwise be excludable as hearsay if those reports constitute “factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.” In Cramer (at 136), the Court held that “[t]he admission of a government report under this provision is committed to the trial court’s sound discretion and will hinge upon ‘whether this hearsay document offered in evidence has sufficient independent indicia of reliability to justify its admission.’ ” To that end, it has been suggested that factors to be weighed in determining the document’s trustworthiness and reliability, among other things, might include: (1) the timeliness of the investigation, (2) the skill and/or experience of the investigator, (3) whether the report was based upon testimony adduced at a hearing, and (4) the possibility of bias (see, Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C4520:3, at 246). In applying this criteria to the report, the Court in Cramer focused on the date of the report, the fact that it was preliminary in nature, that it was brief and conclusory and that no one involved in its preparation was called to testify, resulting in the conclusion that it should not have been admitted into evidence.
Here, the purpose of the Department of Health’s investigation was to identify deficiencies in the care rendered to decedent and resolve them as soon as possible. It was not designed to assess or fix responsibility for negligent care. In addition, no one involved in its preparation was called by plaintiff as a witness. In fact, nowhere within the report is its author identified or is any attempt made to describe how it was prepared. Not only are no statements attached to the *194 report but it is impossible to determine who was the source of much of the information contained in it. Unlike the situation in Maraziti v Weber (185 Misc 2d 624), no hearing of any kind was held nor was the defendant hospital given an opportunity to contest the allegations or to present evidence regarding its version of the events that led up to the decedent’s death.
To admit the fall contents of the report under these circumstances would be manifestly unfair and would deprive the defendant of any meaningful way by which it could defend against the opinions contained in the report. The specific factual findings that relate directly to the care received by the decedent while a patient should be received into evidence. However, the court shall distinguish facts from opinion and make the relevant redactions of the report that invade the jury’s role of determining facts.
Accordingly, defendant’s objection to admissibility of the opinions contained in the report is sustained and the report shall be redacted accordingly.